UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Ohan Karagozian,
    Plaintiff,

v.

Luxottica Retail North America
    Defendant.

Docket No: 3:13-cv-1028 RNC

United States District Court
District of Connecticut
FILED AT NEW HAVEN
7/17/20 13
Robona D. Tabora, Clerk
By: _____
Deputy Clerk

## COMPLAINT

### Preliminary Statement

1.    Plaintiff seeks by this action to recover damages and other relief as a result of the Defendant's violation of and Conn. Gen. Stat. §31-51m and Conn. Gen. Stat. §31-51q.

### Jurisdiction and Venue

2.    The jurisdiction of the Court is founded upon 28 U.S.C. § 1332 (diversity of citizenship).

3.    Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that the claim arose in this district and that the Plaintiff resided in this district at the time of the incident.

### Exhaustion of Administrative Remedies

4.    The Plaintiff filed a timely claim with the Wage and Workplace Standards Division of the Connecticut Department of Labor.

5.    The Plaintiff received a release from the Wage and Workplace Standards Division of the Connecticut Department of Labor on or about May 10, 2013.

20. On November 20, 2012, Plaintiff emailed Regional Manager Amy Kaufman and informed her of the Defendant's continued failure to display a valid Optical Selling Permit in violation of Connecticut General Statutes § 20-151.

21. In late November 2012, Plaintiff informed Kira Arroyo that if the Optical Selling Permit issue was not addressed, he would notify the Department of Public Health.

22. On November 26, 2012, Amy Kaufman contacted Plaintiff and chastised him for attempting to address the Defendant's continued failure to display a valid Optical Selling Permit displayed as required by law.

23. On November 29, 2012, in writing, Plaintiff put the Department of Public Health on notice of Defendant's continued failure to display a valid Optical Selling Permit, in violation of Connecticut General Statutes § 20-151, and was informed, in writing, that the Department of Public Health would investigate the matter.

24. On or about the final week of January 2013, Plaintiff again addressed the Defendant's violation of Connecticut General Statutes § 20-151 as a result of Defendant's continued failure to display a valid Optical Selling Permit with Amy Kaufman and Kira Arroyo.

25. On or about February 1, 2013, Plaintiff was notified by Amy Kaufman that his employment with the Defendant was terminated, effective immediately.

**COUNT ONE:      VIOLATION OF C.G.S. 31-51m**

26. Plaintiff realleges and incorporates paragraphs 1 through 25 as if fully set forth herein at length.

27. Throughout Plaintiff's employment with the Defendant, Plaintiff opposed unlawful conduct by notifying Regional Manager Amy Kaufman and Store Manager Kira Arroyo about the Defendant's violations of Connecticut General Statutes § 20-151, specifically, Defendant's continued failure to display of a valid Optical Selling Permit.

28. Throughout Plaintiff's employment with the Defendant, Plaintiff opposed the Defendant requiring Plaintiff to work in the capacity of an optometric assistant to The Optometrist.

29. Plaintiff engaged in a protected activity by notifying the Department of Public Health of Defendant's continued failure to display of a valid Optical Selling Permit.in violation of Connecticut General Statutes § 20-151.

30. The Defendant terminated the Plaintiff in retaliation for notifying the Department of Public Health that the Defendant's continued failure to display of a valid Optical Selling Permit in violation of Connecticut General Statutes § 20-151.

31. The Plaintiff's termination was the direct result of Plaintiff's reporting the Defendant's violation of Connecticut General Statutes § 20-151 to the Department of Public Health.

32. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

33. Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

**COUNT TWO:** **VIOLATION OF C.G.S. 31-51q**

34. Plaintiff realleges and incorporates paragraphs 1 through 25 and 26 through 33 as if fully set forth herein at length.

35. Throughout Plaintiff's employment with the Defendant, Plaintiff spoke out on matters of public concern by notifying Regional Manager Amy Kaufman and Store Manager Kira Arroyo about the Defendant's violations of Connecticut General Statutes § 20-151, specifically, Defendant's continued failure to display of a valid Optical Selling Permit.

36. Throughout Plaintiff's employment with the Defendant, Plaintiff spoke out on matters of public concern by opposing the Defendant requiring Plaintiff to work in the capacity of an optometric assistant to The Optometrist.

37. By notifying Regional Manager Amy Kaufman and Store Manager Kira Arroyo of Defendant's violation of Connecticut General Statutes § 20-151, Plaintiff exercised his free speech on matters of public concern, protected by the First Amendment of the United States Constitution and Sections, 3, 4, and 14 of the Connecticut Constitution.

38. By notifying the Department of Public Health of Defendant's violation of Connecticut General Statutes § 20-151, Plaintiff exercised his free speech on matters of public concern, protected by the First Amendment of the United States Constitution and Sections, 3, 4, and 14 of the Connecticut Constitution.

39. The Plaintiff's exercise of these rights did not materially interfere with Plaintiff's duties at the Defendant, nor did it interfere with his job performance or working relationship with Defendant.

40. The Defendant terminated the Plaintiff in retaliation for exercising his free speech on matters of public concern, protected by the First Amendment of the United States Constitution and Sections, 3, 4, and 14 of the Connecticut Constitution.

41.  The Plaintiff's termination was the direct result of Plaintiff's speech on a matter of public concern, specifically, protected by the First Amendment of the United States Constitution and Sections, 3, 4, and 14 of the Connecticut Constitution.

42.  As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

43.  Plaintiff seeks compensatory and punitive damages for Defendant's misconduct.

**WHEREFORE,** the Plaintiff claims:

1. Money damages as to all counts;

2. Re-instatement to his previous position

3. Court costs;

4. Attorneys fees;

5. Trial by jury;

6. Such other relief as this court may deem just and proper.

The PLAINTIFF,
Ohan Karagozian

By: _____
      Eugene Axelrod, Esq.
      Axelrod & Associates, LLC
      8 Lunar Drive
      Woodbridge, CT 06525
      Telephone: 203-389-6526
      Facsimile: 203-389-2656
      Email: eaxelrod@axelrodlegal.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OHAN KARAGOZIAN

**DEFENDANTS**
LUXOTTICA RETAIL NORTH AMERICA

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Axelrod & Associates, LLC
8 Lunar Drive, Woodbridge, CT 06525
203-389-6526

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Conn. Gen. Stat. §31-51m and Conn. Gen. Stat. §31-51q

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 7/17/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE