UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

OHAN KARAGOZIAN,
             Plaintiff,

        v.                                                Case No. 3:13-cv-1028(VAB)

LUXOTTICA RETAIL
NORTH AMERICA,
             Defendant.

### RULING ON DEFENDANT'S
### MOTION TO DISMISS

        Shortly before this matter is scheduled to go to trial, Defendant Luxottica Retail North

America ("Luxottica") has filed a motion to dismiss Plaintiff Ohan Karagozian's whistleblower

claim under Connecticut General Statutes section 31-51m.  Mot. to Dismiss, ECF No. 75.

Luxottica claims that because Mr. Karagozian's section 31-51m claim is barred by the statute of

limitations, this Court lacks subject matter jurisdiction over the claim. For the reasons that

follow, the Court agrees and grants the motion.

**I.       Timing of the Motion to Dismiss**

        While this motion was filed over two years after the case began and on the eve of trial,

the Court must address it because it deals with the Court's subject matter jurisdiction.  Federal

district courts must assess concerns about their subject matter jurisdiction at any stage in the

proceedings.  *See United Food & Commercial Workers Union v. CenterMark Props. Meriden*

*Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[I]t is common ground that in our federal system

of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may

raise the question of whether the court has subject matter jurisdiction.") (internal quotation marks

and citation omitted); *Hu v. Skadden, Arps, Slate, Meagher & Flom LLP*, 76 F. Supp. 2d 476,

478 (S.D.N.Y. 1999) ("It is never too late in the progression of an action for a motion to dismiss

for lack of subject matter jurisdiction under [Rules] 12(h)(3) and [ ] 12(b)(1)."); Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action.").

Mr. Karagozian does not dispute that Luxottica's argument in favor of dismissal

implicates this Court's subject matter jurisdiction.  Luxottica has cited Connecticut case law

indicating that a failure to comply with the statute of limitations provision of section 31-51m

raises jurisdictional concerns that cannot be waived.  Def.'s Br. 3, ECF No. 75-1 (citing *Sowell v.*

*DiCara*, No. CV126016087S, 2013 WL 2945322, at *3 (Conn. Super. Ct. May 22, 2013)

(observing with respect to section 31-51m that "'[w]here… a specific time limitation is

contained within a statute that creates a right of action that did not exist at common law, then the

remedy exists only during the prescribed period and not thereafter… In such cases, the time

limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the

liability itself, and not of the remedy alone… [U]nder such circumstances, the time limitation is a

substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even

by the court sua sponte, and may not be waived.'") (alterations in original) (quoting *Ambroise v.*

*William Raveis Real Estate, Inc.*, 226 Conn. 757, 766-67 (1993)).  Mr. Karagozian has cited no

authority to the contrary, nor has the Court identified any.  Accordingly, it will address the

motion to dismiss at this time.

## II.     Analysis of the Motion to Dismiss

Section 31-51m(c) provides that "[a]ny employee who is discharged, disciplined or

otherwise penalized by his employer in violation of the [statute]… may, after exhausting all

available administrative remedies, bring a civil action, within ninety days of the date of the final

administrative determination or within ninety days of such violation, whichever is later…."  Mr.

Karagozian filed the Complaint in this case more than ninety days after he was terminated. Thus, Mr. Karagozian's claim is barred by the statute's ninety-day limitation period unless he exhausted an administrative remedy and filed his Complaint ninety days after the final administrative determination.

Mr. Karagozian argues that he falls under this administrative exhaustion tolling provision because he filed a complaint with the Wage and Workplace Standards Division of the Connecticut Department of Labor.  Pl.'s Opp. Br. 1-2, ECF No. 86; *see also* Def.'s Ex. A, Connecticut Labor Department Letter dated May 20, 2013, ECF No. 75-1.  The parties agree that Mr. Karagozian initiated this lawsuit within ninety days of receiving a letter from the Department of Labor responding to his complaint.  Pl.'s Opp. Br. 1, ECF No. 86.  But Luxottica argues that Mr. Karagozian's Department of Labor complaint cannot trigger section 31-51m's administrative exhaustion tolling provision, because the Department of Labor lacks authority to address whistleblower claims.  Def.'s Br. 3-4, ECF No. 75-1.

The Connecticut Appellate Court has reasoned that, for an administrative complaint or proceeding to fall under section 31-51m's administrative exhaustion tolling provision, a plaintiff must show that he was pursuing a "valid administrative remedy" that provides for "meaningful relief."  *Campbell v. Town of Plymouth*, 74 Conn. App. 67, 82 (2002).  To determine whether an administrative proceeding can yield "meaningful relief," the Court compared the relief provided for a violation of section 31-51m to the relief provided in the administrative proceeding.  *Id.* This inquiry is designed to ensure that the filing of an administrative action is consistent with the goals of administrative exhaustion—to enable an "opportunity for successful resolution of disputes without the time and costs associated with litigation….[and] to reduce the burden on judicial resources."  *Id.*

Neither the Court nor the parties have identified any Connecticut Supreme Court decision applying this test from *Campbell* or addressing what constitutes a "valid administrative remedy" under section 31-51m.  While this Court is not bound by Connecticut Appellate Court decisions, it may rely on them to determine how the Connecticut Supreme Court would approach a legal question.  *See Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000) (observing that in determining how a state's highest court would decide a given legal question, the decisions of intermediate appellate courts are "helpful indicators"); *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) ("Although we are not strictly bound by state intermediate courts, rulings from such courts are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.") (internal quotation marks and citation omitted).

Absent "persuasive evidence that the state's highest court would reach a different conclusion," federal courts sitting in diversity apply the law as interpreted by a state's intermediate appellate court.  *See V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) ("This Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion.").  Because neither the parties nor the Court has found any such evidence here, the Court will apply *Campbell* to the facts of this case.  *See DiBella*, 403 F.3d at 112; *Muhammad*, 595 F.3d at 432; *see also e.g.*, *Gwozdz v. Genesis Physician Servs.*, Civil No. 13cv317 (AWT), 2014 WL 943116, *4-6 (D. Conn. Mar. 11, 2014) (applying *Campbell* to determine whether an administrative proceeding tolled section 31-51m's statute of limitations).

A violation of section 31-51m entitles Mr. Karagozian to job reinstatement, payment of back wages, reestablishment of employment benefits, and the possibility of payment of court

costs and attorney's fees.  *Campbell*, 74 Conn. App. at 82; Conn. Gen. Stat. §31-51m(c).

Applying *Campbell*, the Court must determine whether filing a complaint with the Department of

Labor could have provided similar relief.  In *Campbell*, for example, the Court found that the

plaintiff's application for unemployment benefits did not toll section 31-51m's limitations

period, because the remedy of partial payment of wages on a short-term basis did not provide

meaningful relief, because it did not provide "reinstatement or continuation of employment

benefits."  *Campbell*, 74 Conn. App. at 82.

        Mr. Karagozian has cited no authorities indicating that the Department of Labor could

have provided any aspect of the relief he sought for a violation of section 31-51m.  Indeed, he

has provided no information about what relief the Department of Labor could have awarded him

in this circumstance.  Conversely, Luxottica has identified two cases holding that the Department

of Labor cannot provide "meaningful relief" for section 31-51m claims.  *Aduini v. Benchmark*

*Assisted Living, LLC*, No. NNHCV136042895S, 2014 WL 3715106, at *4 (Conn. Super. Ct.

June 23, 2014) (holding that the Department of Labor could not provide "meaningful relief" on a

section 31-51m claim to toll the statute of limitations); *Kulmann v. Yale-New Haven Hosp.*, No.

NNHCV106010414, 2012 WL 234218, at *5 (Conn. Super. Ct. Jan. 4, 2012) (holding that the

Court could not locate any authority to indicate that the Department of Labor possessed

administrative jurisdiction to address a section 31-51m claim).

        Moreover, the Department of Labor letter received by Mr. Karagozian also indicates that

the Department itself believed it could not legally provide Mr. Karagozian with any of the relief

accorded for a violation of section 31-51m.  Def.'s Ex. A, Connecticut Labor Department Letter

dated May 20, 2013, ECF No. 75-1 ("According to Section 31-51m of the Connecticut General

Statutes, which governs this matter, the Connecticut Labor Department has limited authority and

cannot require any remedies.  The statute conveys no authority to conduct formal or informal hearings and therefore there can be no administrative finding or determination that a violation took place.  As a procedural matter, the Labor Department simply notifies the employer that an allegation has been made.").

In light of these Superior Court cases, the Department of Labor's position, and the absence of contrary authority, the Court finds that filing a complaint with the Wage and Workplace Standards Division of the Connecticut Department of Labor does not toll the limitations period under Connecticut General Statutes section 31-51m.  As a result, because Mr. Karagozian did not file his Complaint in this Court within ninety days of his termination, his claim is barred by section 31-51m's statute of limitations.  Therefore, this Court lacks jurisdiction over the claim and it must be dismissed.

None of Mr. Karagozian's arguments in opposition are availing.  First, he argues that his claim should go forward because the Department of Labor's letter also states that it is a "final administrative determination" and that Mr. Karagozian may proceed with a civil action within ninety days.  Pl.'s Opp. Br. 2-3, ECF No. 86.  The Court disagrees.  This language in the Department of Labor's letter does not state, much less suggest, that the Department of Labor could have provided "meaningful relief" on Mr. Karagozian's claim under *Campbell*, which is the only relevant inquiry.

Mr. Karagozian also argues that Connecticut courts have disagreed over whether filing a complaint with the Commission on Human Rights and Opportunities ("CHRO") triggers section 31-51m's tolling provision.  Pl.'s Opp. Br. 2, ECF No. 86.  Because Mr. Karagozian did not file a complaint with the CHRO, these cases are not relevant.

Finally, Mr. Karagozian asks the Court to certify the question raised by Luxottica's motion to the Connecticut Supreme Court.  A federal district court may certify a legal question to the Connecticut Supreme Court "if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute…."  Conn. Gen. Stat. §51-199b(d); *Cadle Co. v. Fletcher*, 804 F.3d 198, 202 (2d Cir. 2015) (applying this statute to determine whether to certify a question of Connecticut law to the Connecticut Supreme Court).  Federal courts use this procedure sparingly and do not certify questions of law where sufficient precedent exists for them to "predict how the forum state's highest court would decide the issues" before them.  *McCarthy v. Olin Corp.*, 119 F.3d 148, 154 (2d Cir. 1997); *cf. Highland Capital Mgmt. LP v. Schneider*, 460 F.3d 308, 316 (2d Cir. 2006) (applying the same standard but finding certification appropriate).

As explained above, the Court has identified several Connecticut state court cases, including an intermediate appellate decision, applicable to the legal question raised by the motion to dismiss.  Because these cases have enabled the Court to predict how the Connecticut Supreme Court would approach the issue presented in this case, certification is unnecessary.

## III.   Conclusion

For all of the foregoing reasons, Luxottica's Motion to Dismiss Mr. Karagozian's section 31-51m whistleblower claim, ECF No. 75, is **GRANTED**.  The Court finds that Mr. Karagozian's section 31-51m claim is time-barred and that, as a result, this Court lacks jurisdiction to hear the claim.

**SO ORDERED** this 20th day of May 2016 at Bridgeport, Connecticut.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge